## MEANS *v.* MEANS.

ATKINSON, J.   1. In a suit for specific performance of a contract for the sale of land and to have title decreed to vest in the plaintiff, the petition substantially alleged: In September, 1901, plaintiff bought a tract of land containing 40.2 acres, more or less, from defendant, which the latter caused to be surveyed and to be delivered into the possession of the former. The purchaser "greatly improved" the property, and remained continuously in possession from the date of purchase until the filing of the suit in March, 1908. The purchase-price was $10 per acre, which, at the time of the purchase, was partly paid by delivery of certain cattle at an agreed price. The balance was to be paid in "certain debts which plaintiff held against defendant and her son." The debts were particularly described in separate items, and amounted to more than the balance of the purchase-price. At various times plaintiff proposed to defendant to have a settlement, and made continuous tenders of the "evidences of indebtedness," and demanded a deed, but always some excuse would be offered and promises made to execute the deed at a later time, until recently, when most of the debts had become barred by the statute of limitations, at which time defendant denied the existence of the contract and refused to make the deed. *Held,* that the petition was not subject to demurrer on the grounds that: (*a*) The allegations were not sufficient to authorize the suit or proceedings in equity. (*b*) That the petition failed to allege facts which would authorize the court to confirm a sale of land not in writing, or to decree the title in the plaintiff upon a verbal contract of sale. (*c*) The petition does not disclose such facts as are necessary to take a verbal contract for the sale of land out of the statute of frauds, or to give a court of equity jurisdiction. (*d*) There is no allegation of payment of the purchase-money, no copy or exhibit of the items of debts which were to be surrendered as part payment of the purchase-price, but it affirmatively appeared from the allegations that each item of debt was barred by the statute of limitations, and that the suit was also barred by the statute of limitations, and equity has no jurisdiction to revive the debts.

2. Except as indicated in the preceding headnote, there was no assignment of error upon any ruling of the court made during the trial. There was sufficient evidence to authorize the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed.   All the Justices concur.*

FEBRUARY 22, 1911.

Specific performance. Before Judge Brand. Franklin superior court. December 22, 1909.

*James H. Skelton* and *Samuel B. Swilling,* for plaintiff in error.